UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CURTIS SHANE THOMPSON, ) | |
| ) | |
| Petitioner, ) | CASE NO. C05-2063-MJP-MJB |
| ) | |
| v. ) | REPORT AND |
| ) | RECOMMENDATION |
| CHRISTINE GREGOIRE, et al., ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

I. <u>INTRODUCTION AND SUMMARY CONCLUSION</u>

Petitioner Curtis S. Thompson, proceeding *pro se*, seeks relief pursuant to 28 U.S.C. § 2254 from an October, 1985 conviction and sentence in King County Superior Court. He is currently confined at the King County Jail in Seattle, Washington pending trial on new criminal charges.[1]  Respondents filed an answer requesting that the court dismiss petitioner's habeas petition with prejudice on grounds that it is time-barred under 28 U.S.C. § 2244(d). Having reviewed the record in its entirety, this Court recommends that Petitioner's § 2254 habeas petition be dismissed as untimely under 28 U.S.C. § 2244(d).

//

---

[1] Petitioner's § 2254 habeas petition does not challenge the validity of his current custody in the King County Jail.

REPORT AND RECOMMENDATION
Page - 1

## II. PROCEDURAL HISTORY

On September 18, 1985, after a bench trial upon stipulation to the information contained in police reports, Petitioner was convicted of four counts of rape in the first degree, and one count of attempted first degree rape, first degree assault and first degree burglary. Dkt. #20, Ex. 2 and Ex. 3 at 1. He was sentenced to a total term of 300 months of confinement. Dkt. #20, Ex. 2

Petitioner appealed his conviction to the Washington State Court of Appeals, Division I, which affirmed the judgment on August 17, 1987. Dkt. #20, Ex. 3. Petitioner then sought discretionary review by the Washington State Supreme Court, which denied review on January 5, 1988. Dkt. #20, Ex. 5. Petitioner filed the present § 2254 habeas petition on December 10, 2005.[2] Dkt. #8 at 14.

## III. GROUNDS FOR RELIEF

Petitioner presents the following four grounds for relief and supporting facts in his federal habeas petition:

> Ground One: Illegal Arrest & Seizure of Car. I was arrested and had my car impounded on false charges for which I was never charged with. This is a violation of my 4th Amendment Rights.
>
> Ground Two: Involuntary Confession - 5th Amendment, never signed a waiver or confession. I was promised leniency and help for my drug and alcohol abuse, including my depression and suicidal thoughts. I was told prosecutor OK'd promise.
>
> Ground Three: Ineffective Assistance of Counsel - 6th Amendment. Because I was not allowed to dismiss my court appointed attorney and he withheld the discovery from me, I was not allowed to make an informed decision and forced to plea.

---

[2]Federal and state habeas petitions are deemed filed when the *pro se* petitioner prisoner delivers them to prison authorities for forwarding to the Clerk of the Court. *See Saffold v. Newland*, 250 F.3d 1262 (9th Cir. 2001), *vacated and remanded on other grounds*, 122 S.Ct. 2134 (2002).

REPORT AND RECOMMENDATION
Page - 2

    Ground Four: Ex Post Facto - 14th Amendment.  Because the laws were changed by the Sex Offender Act (1990), I was placed under the supervision of the Department of Corrections, King County Sheriff, and Seattle Police Department for the rest of my natural life – retroactively.

## IV.  DISCUSSION

Respondents argue that petitioner's federal habeas petition is untimely under 28 U.S.C. § 2244(d) and, therefore, should be dismissed with prejudice as time-barred.  The undersigned agrees.

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") imposes a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court.  28 U.S.C. § 2244(d)(1).  Specifically section 2244(d)(1) provides that the one-year limitations period "shall run from the latest of – (A) the date on which the judgment became final by conclusion of direct review or by the expiration of time for seeking such review."  AEDPA further provides that the one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

Moreover, for state prisoners, like petitioner, whose convictions became final prior to AEDPA's enactment, AEDPA's one year statute of limitations began to run on April 25, 1996, the day after AEDPA was enacted.  *Malcolm v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002) (citing *Patterson v. Stewart*, 251 F.3d 1253 (9th Cir. 2001)).  Thus, counting forward one year, petitioner had until April 24, 1997, to file his federal habeas petition, unless the statute of limitations was statutorily or equitably tolled.  Here, however, petitioner filed his federal habeas petition on December 10, 2005, more than eight years after the one-year limitations period had run.  Therefore, his habeas petition is timely only if collateral proceedings in state court tolled the one-year limitations

REPORT AND RECOMMENDATION
Page - 3

period.  *See* 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett,* 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000).  The record reflects that petitioner did not pursue any collateral actions in the state courts following his direct appeal.  See Dkt. #10 at 3.  Therefore, his federal habeas petition is not saved from being untimely by statutory tolling.

The Ninth Circuit has also made it clear that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 53, 541 (9th Cir. 1998) (en banc) (citing *Alvarez-Machain v. United States*, 107 F.3d 691, 701 (9th Cir. 1997)); *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288-89 (9th Cir. 1997).  When external forces, rather than a lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate. *See Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *Calderon (Kelly)*, 163 F.3d at 541; *Calderon (Beeler)*, 128 F.3d at 1288-89.  "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citation omitted).  The petitioner bears the burden of proving that he is entitled to equitable tolling. *See Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993).

Here, in reply to respondent's claim that his habeas petition is untimely, petitioner argues:

> I tried to have my court appointed attorney [and] hired attorney proceed into state [and] federal courts, addressing what I felt were violations of my constitutional rights on my 1985 conviction.  But because they were ineffective [and] dishonest, I lost my appeals [and] even lost money I had to give attorney on appeal.  I being all alone, with mental problems, in a prison 300 miles from my family, with charges against me that the prison population will kill people for, felt I had no way to proceed in habeas filing back in 1988 after my state appeals were rejected.  I just

REPORT AND RECOMMENDATION
Page - 4

>wanted to stay "out of the scene" in prison, to avoid any problems with other inmates in prison [and] law library. . . . So I felt all alone, [and] dejected to proceed upon my appeal by myself – it was "me against the world" [and] too much for me to handle!  I did not really give much thought to it again until all these "retroactive laws" [and] collateral consequences began to come at me after my sentence expired in 2002. So now I petition for review.

Dkt. #22 at 3-4.  However, petitioner's arguments do not meet his burden of proving entitlement to equitable tolling.

Petitioner has not identified any "extraordinary circumstances" beyond his control that made it *impossible* for him to file a timely federal habeas petition.  The record contains no evidence to support petitioner's claim of having "mental problems."  Indeed, on petitioner's direct appeal challenge to the voluntariness of his confession, the state court of appeals noted that "the CrR 3.5 hearing record does not reveal Thompson's age or educational level *or any mental deficiency*."  Dkt. #20, Ex. 3 at 9 (emphasis added).  Moreover, rather than "external forces" or "extraordinary circumstances beyond his control," Petitioner admits his choice to "stay out of the scene" in prison and not avail himself of the law library in order to "avoid any problems with other inmates." Petitioner was free to file his federal habeas petition at any time after his direct appeal was denied, and thus he makes no showing that he is entitled to equitable tolling.

Because petitioner filed his federal habeas petition outside the AEDPA statue of limitations period, and because he has not demonstrated that he is entitled to statutory or equitable tolling, the undersigned recommends that his federal habeas petition should be dismissed as time-barred.

//

//

REPORT AND RECOMMENDATION
Page - 5

V. <u>CONCLUSION</u>

For the reasons stated above, petitioner's federal habeas petition is untimely, and the petition and this action should therefore be dismissed, with prejudice, under 28 U.S.C. § 2244(d). A proposed order accompanies this Report and Recommendation.

DATED this 17th day of August, 2006.

_____
MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 6