UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CURTIS SHANE THOMPSON,<br><br>    Petitioner,<br><br>    v.<br><br>CHRISTINE GREGOIRE, et al.,<br><br>    Respondents. | No. C05-2063P<br><br>ORDER OF DISMISSAL |

This matter comes before the Court on a Report and Recommendation (R&R) by the Honorable Monica J. Benton, United States Magistrate Judge. Judge Benton recommends that Petitioner Curtis Shane Thompson's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be dismissed with prejudice as time-barred. The Court, having reviewed the R&R, Petitioner's objections to the R&R, and the balance of the record, hereby finds and ORDERS as follows:

(1) Petitioner is challenging a 1985 state court conviction. The Court agrees with Judge Benton that Petitioner's habeas petition is time-barred under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1). Under the AEDPA, Plaintiff had until April 24, 1997 to file a federal habeas petition challenging his 1985 conviction. Plaintiff did not file this habeas petition until December 10, 2005, more than eight years after the deadline.

ORDER - 1

1      (2)    In his objections to the R&R, Petitioner appears to challenge Judge Benton's recommendation that principles of equitable tolling should not apply to extend his time for filing a habeas petition. Petitioner maintains that "the court record proves I was 'incompetent' to enter [a] plea voluntary [sic], or to seek legal redress on appe[a]l, and therefore, could not 'diligently pursue' myself." (Objections at 1) (emphasis in original). Petitioner points to no specific evidence in the record to support this conclusory assertion, nor has he offered any other evidence suggesting that mental incompetence prevented him from filing a habeas petition earlier. The Court agrees with Judge Benton's recommendation that equitable tolling should not be applied to extend the time for Petitioner to file a habeas petition.

     (3)    Petitioner also suggests that the State has "opened the case again to challenge" by "bringing civil penalties in violation of my plea agreement to the charges in 1985." (Objections at 1). In a similar vein, Petitioner maintains that "[i]f the State violates the plea agreement, and[/]or Defendant's constitutional rights, there should not be any 'time bar' as long as rights are still being violated!" Id. at 2 (emphasis in original). Petitioner cites no legal authority to support these arguments, and the Court has not located any authority that supports these contentions.

     (4)    Petitioner also argues that "this 'time bar' law was applied to me 'retroactively' in violation of my ex post facto and due process rights." Id. This argument is without merit. As Judge Benton noted, individuals like Petitioner whose judgments became final prior to the AEDPA's enactment in 1996 were provided with one year after the statute's enactment to file habeas petitions. As a result, the time limits of the AEDPA were applied to Petitioner prospectively and there is no basis for Petitioner to maintain that these limits were applied against him retroactively.

     (5)    Therefore, the Court ADOPTS the Report and Recommendation by Judge Benton and DISMISSES this petition with prejudice under 28 U.S.C. § 2244(d).

//

//

ORDER - 2

ORDER - 3

(6)   The Clerk is directed to send copies of this order to Petitioner, to counsel for Respondents, and to the Honorable Monica J. Benton.

Dated: October 12, 2006

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge